**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS GEORGE ATHANAS,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff Nicholas George Athanas, by and through counsel, brings this individual action against Trans Union LLC ("Trans Union") and U.S. Bank National Association ("US Bank") (collectively, "Defendants") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA")

## PARTIES

2. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c) residing in St Louis, Missouri.

3. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency with a principal place of business at 555 West Adams Street, Chicago, Illinois 60661. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4. Defendant U.S. Bank National Association ("US Bank") is a "furnisher" of consumer information, as defined in 15 U.S.C. § 1681s-2(b), with headquarters located at 425 Walnut St, Cincinnati, OH 45202.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff's Discovery of Inaccurate Credit Reporting

7. On or about November 2025, while reviewing his credit reports through Credit Karma, Plaintiff discovered outdated information being reported on his TransUnion credit report.

8. Specifically, Trans Union was reporting Plaintiff's US Bank credit account below with an outdated unpaid balance:

US Bank Account No.: Ending in *8380
Opened: December 11, 2023
Last Payment: November 4, 2025

9. This reporting was inaccurate and misleading.

10. On November 12, 2025, Plaintiff made a payment in the amount of $9,778.51 (the "Payment"), leaving a balance of roughly $80 on the account.

11. Trans Union continued to maintain the outdated unpaid balance on Plaintiff's credit file after Plaintiff made the Payment.

12. On November 26, 2025, Plaintiff disputed the inaccurate balance reported by Trans Union through Credit Karma.

13. On December 20, 2025, Plaintiff received a dispute response from Credit Karma indicating that the results were "unknown," thereby failing to resolve or correct the disputed inaccuracy.

14. Upon information and belief, Trans Union failed to reasonably reinvestigate the accuracy of their reporting in response to Plaintiff's dispute.

15. Upon information and belief, Trans Union sent US Bank an automated credit dispute verification ("ACDV") following Plaintiff's November 2025 dispute to Trans Union.

16. On or about November 2025, US Bank received Trans Union's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

17. Upon information and belief, US Bank failed to review all relevant information regarding Plaintiff's dispute in or about November 2025.

18. Upon information and belief, in or about November 2025, US Bank verified the disputed information as accurate to Trans Union.

19. US Bank violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**Plaintiff's Second Dispute to Trans Union Regarding the Inaccurate Credit Reporting**

20. In or around end of December 2025, disappointed with the prior dispute outcome, Plaintiff again disputed the inaccurate credit information, this time submitting a dispute directly with TransUnion regarding his account with U.S. Bank.

21. In particular, Plaintiff disputed the continued reporting of the outdated account balance associated with his U.S. Bank account, which failed to reflect Plaintiff's Payment.

22. Upon information and belief, Trans Union sent US Bank an ACDV in response to Plaintiff's December 2025 dispute to Trans Union.

23. On January 30, 2026, Trans Union responded to Plaintiff's dispute by verifying the disputed information as accurate.

24. Upon information and belief, Trans Union failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

25. Upon information and belief, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute.

26. Trans Union failed to correct or delete the inaccurate information appearing in Plaintiff's credit file.

27. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant US Bank's Unreasonable Dispute Reinvestigation**

28. Upon information and belief, in or about December 2025, US Bank received Trans Union's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

29. Upon information and belief, US Bank failed to review all relevant information regarding Plaintiff's December 2025 dispute.

30. Upon information and belief, in or about December 2025, US Bank verified the disputed information as accurate to Trans Union.

31. US Bank violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information

available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**Plaintiff's Third Dispute to Defendants Regarding the Inaccurate Credit Reporting**

32. In or around end of January 2026, disappointed *again* with the incorrect dispute outcome, Plaintiff disputed the inaccurate credit information with TransUnion for a third time.

**Defendant Trans Union's Unreasonable Reinvestigation**

33. Upon information and belief, Trans Union sent US Bank an ACDV in response to Plaintiff's January 2026 dispute to Trans Union.

34. On February 12, 2026, Trans Union responded to Plaintiff's dispute verifying the account as accurate.

35. Upon information and belief, Trans Union failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

36. Upon information and belief, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's January 2026 dispute.

37. Trans Union failed to correct or delete the inaccurate information appearing in Plaintiff's credit file.

38. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's January 2026 dispute, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant US Bank's Unreasonable Dispute Reinvestigation**

39. Upon information and belief, in or about end of January 2026, US Bank received Trans Union's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

40. Upon information and belief, US Bank failed to review all relevant information provided regarding Plaintiff's January 2026 dispute.

41. Upon information and belief, in or about end of January 2026, US Bank verified the disputed information as accurate to Trans Union.

42. US Bank violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**Plaintiff's Fourth Dispute to Defendants Regarding the Inaccurate Credit Reporting**

43. In or around end of February 2026, disappointed *again* with the prior dispute outcome, Plaintiff disputed the inaccurate credit information with TransUnion for a *fourth* time.

44. Upon information and belief, Trans Union sent US Bank an ACDV in response to Plaintiff's February 2026 dispute to Trans Union.

45. On March 14, 2026, Trans Union responded to Plaintiff's dispute, verifying the account as accurate.

46. Upon information and belief, Trans Union failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

47. Upon information and belief, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's February 2026 dispute.

48. Trans Union failed to correct or delete the inaccurate information appearing in Plaintiff's credit file.

49. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's February 2026 dispute, or any reinvestigation whatsoever, to determine whether the disputed information is

inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant US Bank's Unreasonable Dispute Reinvestigation**

50. Upon information and belief, in or about end of February 2026, US Bank received Trans Union's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

51. Upon information and belief, US Bank failed to review all relevant information regarding Plaintiff's February 2026 dispute.

52. Upon information and belief, in or about end of February 2026, US Bank verified the disputed information as accurate to Trans Union.

53. US Bank violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**Plaintiff's Damages**

54. On March 14, 2026, Plaintiff applied online for a credit card with Capital One. Although Plaintiff was pre-approved, he was offered a 28.99% variable APR. This unfavorable credit term was a direct result of the inaccurate information reported by Defendants.

55. As a direct result of Defendants' inaccurate credit reporting, Plaintiff suffered actual damages. Plaintiff, as the sole income provider, was adversely affected in managing significant financial obligations, including long-term commitments.

56. Plaintiff was also forced to rely on cash payments for necessary expenses, limiting his financial flexibility and opportunities.

57. Further, Plaintiff suffered emotional distress, including stress and anxiety during

the dispute process, which contributed to difficulty sleeping and elevated blood pressure.

58. Plaintiff experienced embarrassment and frustration in attempting to engage with potential creditors, further impacting his financial and personal well-being.

59. At all times, Trans Union was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

60. At all times, the conduct of Trans Union, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

61. Trans Union is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Trans Union's FCRA violations are willful.

62. As a result of Trans Union's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Against Defendant Trans Union)**

63. Plaintiff realleges the above allegations herein.

64. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

65. Trans Union's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Trans Union was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. Plaintiff is entitled to recover attorneys' fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Against Defendant Trans Union)**

67. Plaintiff realleges the above allegations herein.

68. Trans Union violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's *four* disputes after Plaintiff notified Trans Union, contrary to what was reported in Plaintiff's file, he already satisfied the full outstanding balance of $9,778.51 on November 12, 2025 and by failing to maintain reasonable procedures to investigate Plaintiff's disputes.

69. Trans Union's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Trans Union negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover attorneys' fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct an Investigation and Correct the Reporting**
**(Against Defendant US Bank)**

71. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

72. US Bank furnished the inaccurate information relating to Plaintiff to Trans Union.

73. US Bank violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute, or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to Trans Union; and, by failing to cease furnishing inaccurate information relating to Plaintiff to Trans Union.

74. As a result of US Bank's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

75. US Bank's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, US Bank was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover attorneys' fees and costs from US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: June 23, 2026

*/s/ Nisan Zaghi*
Nisan Zaghi, Bar # 5711072NY
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

*Attorneys for Plaintiff*
*Nicholas George Athanas*